# UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF WISCONSIN**



UNITED STATES OF AMERICA

V.

KENNETH J. BOYD (d.o.b. XX/XX/1984)

'07 SEP 14 A9 :46

CRIMINAL COMPLAINT

CASE NUMBER: 07 m 655

    I, Patrick Lynch, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 26, 2006, on the Menominee Indian Reservation, in the State and Eastern District of Wisconsin, **KENNETH J. BOYD**, a Native American and the defendant herein, did intentionally strike W.W., resulting in serious bodily injury to W.W., including extreme physical pain, in violation of Title 18, United States Code, Sections 113(a)(6) and 1153(a).

    I further state that I am a Special Agent with the Federal Bureau of Investigation, and this complaint is based on the following facts:

    Please see the attached affidavit.

Continued on the attached sheet and made a part hereof: _X_ Yes ___ No

_____
Signature of Complainant
PATRICK LYNCH

Sworn to before me and subscribed in my presence,

Date: 9/14/07

at Green Bay, Wisconsin
City and State

The Honorable James R. Sickel
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Patrick Lynch, being first duly sworn, states that:

1. I am a Special Agent (SA) with the Federal Bureau of Investigations (FBI), currently assigned to the Green Bay office, located in the State and Eastern District of Wisconsin. I have been employed as a Special Agent of the FBI since 1987. Since joining the FBI, I have been involved in investigations of violent crimes, white collar crime, and computer crimes. As part of my official duties, it is also my responsibility to investigate crimes occurring on the Menominee Indian Reservation. I have gained expertise in the conduct of such investigations through training in seminars, classes, discussions with other knowledgeable agents, and everyday work related to conducting these types of investigations.

2. I am currently assigned to an investigation involving the assault of W.W., a Menominee Indian Tribal member, by Kenneth J. Boyd, also a Menominee Indian Tribal member.

3. The information contained in this affidavit is based upon personal knowledge and the investigation of other law enforcement officers, all of whom I believe to be truthful and reliable.

4. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5. On August 26, 2006, Menominee Tribal Police officers responded to the home of W.W., located in Neopit, Wisconsin, on the Menominee Indian Reservation, in the State and Eastern District of Wisconsin. When officers arrived at W.W's home, he reported that he had been run over by C.S. W.W. said that as he was getting out of C.S.'s van just in front of his house, he was kicked by the back seat passenger. W.W. said he fell out of the van and was struck by the van as it was pulling away. He said he may have been dragged for a short distance by the van. W.W. believed he was assaulted so they could steal his beer.

6. Menominee Tribal Police Department reports and medical records indicate that W.W. was taken to the hospital, where he was treated for 3 broken ribs, 2 broken fingers (one of which was a compound fracture), multiple abrasions, and burn-type wounds and deep abrasions to his legs. He had cuts on his forehead and a finger that required stitches. The wounds to W.W.'s legs left scars. W.W. reported that he was in extreme physical pain as a result of the multiple injuries that he suffered. While at the ER, W.W. rated his pain as a 6 to 7, on a scale of 0 to 10. W.W. reported to officers that he was in so much pain after being injured that he could not move and it hurt to breathe. He needed help to get up and could not bear the pain without pain medication every four hours. W.W. also indicated that his hand was constantly throbbing.

7. Based upon the information from W.W., Menominee Tribal Investigator Scott Wouters interviewed C.S. After waiving his *Miranda* rights, C.S. told Investigator Wouters that he did not know he ran anyone over with his van. C.S. said that, on the date in question, C.B. was in the front passenger seat of his vehicle and Kenneth Boyd was in the back passenger seat, behind the driver. They had all been drinking. C.S. saw W.W. walking on State Highway 47 near the middle school, carrying a 12 pack of beer. He stopped the van and asked W.W. if he wanted a ride home. W.W. got in the back passenger seat and closed the door. C.S. drove the van to W.W.'s house. He pulled over. C.S. said he felt the van begin to rock back and forth. He looked back and saw Kenneth Boyd and W.W. scuffling. He then saw Kenneth Boyd kick W.W. in the chest. W.W. fell out of the van. Kenneth Boyd yelled for him to go. Kenneth Boyd closed the side door and C.S. took off. C.S. said he did not feel any bumps in the road and did not know that he ran anyone over.

8. Based upon the information from W.W. and C.S., I made contact with Kenneth Boyd. After waiving his *Miranda* rights, Kenneth Boyd said that on Friday, August 25th, 2006, he was at home drinking. C.S. came over. They left and drove to Neopit in C.S.'s van. They picked up some

girls, including C.B. Late Friday night or early Saturday morning, they dropped the other girls off while C.B. remained in the vehicle. Kenneth Boyd was in the backseat and C.B. was in the front seat. As they were driving, C.S. said he saw W.W. walking and suggested taking his beer. C.S. pulled over and W.W. got into the backseat, next to Kenneth Boyd. When they pulled up to W.W.'s house, C.S. yelled to Kenneth Boyd to kick W.W. out of the car. C.S. told C.B. to grab W.W.'s beer. Kenneth Boyd said he kicked W.W. about four times: in the arm, ribs and leg, and may have kicked him in the eye. Kenneth Boyd said he kept kicking W.W. because he would not get out of the car. Finally, W.W. fell out of the car and hit his face on the ground. W.W. kept trying to hang on to the beer and C.B. grabbed the beer out of his hands. W.W. was laying down on the road, but was still hanging on to the car. C.S. took off. Kenneth Boyd said he could tell that they ran something over. They looked back and could see that W.W. was not getting up. C.S. said they ran him over. Kenneth Boyd said he thought that W.W. was dead and remembered saying they were all going to hell for this. Kenneth Boyd said he did a bad thing and is ready to sit his time.

9. Based on my review of the statement of W.W., I believe that W.W.'s statements indicate that W.W. suffered an injury that resulted in serious bodily injury, as that term is defined under Title 18, United States Code, Section 1365.

10. Based upon the foregoing facts and upon on my experience and training, I believe there is probable cause to believe that Kenneth Boyd committed the offense of Assault Resulting in Serious Bodily Injury, in violation of Title 18, United States Code, Sections 113(a)(6) and 1153(a).